◼ In the Matter of MARY TOMANIO, Respondent, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Appellants.— Appeal from a judgment of the Supreme Court, Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to direct the Board of Regents to issue her a license to practice chiropractic in New York State. The petitioner has been practicing chiropractic in this State since 1958. In 1963, by chapter 780 of the Laws of 1963, this State adopted its first chiropractic licensing law and section 6556 of the Education Law became applicable to those who, like the petitioner, were then practicing in the State. In 1971, acting upon the recommendation of the Joint Legislative Committee to revise and simplify the Education Law, the Legislature amended and recodified the then existing law by enacting chapter 987 of the Laws of 1971. Sections 6554 and 6506 of the Education Law are the pertinent sections here. It is important to note that there is no claim here that the amendments in any way diminished or impaired the "grandfather" provisions or any other rights acquired by the petitioner under the original act. Since 1963, the petitioner has continued her practice and has taken the examination for admittance as required by section 6554 of the Education Law on seven different occasions and has failed to achieve the necessary grade on each opportunity. She does not question the make-up of the examination, nor does she take issue with the grading thereof. Petitioner does contend that her final grade, as computed under 8 NYCRR 73.3, is such that when

coupled with her experience, constitutes substantial compliance and that, therefore, the board abused its discretion by not waiving the examination result as she asserts they could and should do under subdivision (5) of section 6506 of the Education Law. As an alternative to receiving a passing grade of 75 in each subject in order to pass the examination, the regulations (8 NYCRR, 73.3) provide in substance that any candidate who passes all required subjects but one, may average the highest grades attained in each subject (passed) with the highest grade obtained in the failed subject and if the average is 75 or more, the candidate shall be deemed to have passed the examination. Using this procedure, petitioner's grade is 74.4. Subdivision (5) of section 6506 of the Education Law provides as follows: "In supervising, the board of regents may: * * * (5) Waive education, experience and examination requirements for a professional license prescribed in this article relating to the profession, provided the board of regents shall be satisfied that the requirements of such article have been substantially met". It should be remembered that in an article 78 proceeding the court may not substitute its own judgment for that of the board and may inquire only as to whether the record shows facts which leave no possible scope for the reasonable exercise of discretion (*Matter of Mid-Is. Hosp.* v. *Wyman,* 25 A D 2d 765, 767). There must be a clear showing that petitioner has established a distinct right to the relief sought (*Matter of Stracquadanio* v. *Department of Health,* 285 N. Y. 93). Subdivision (5) of section 6506 of the Education Law is permissive, not mandatory. In its delegation of responsibility in the licensing area, the Legislature sought to provide the Regents with the means of minimizing hardship while at the same time providing overall protection for the public by establishing minimum standards of competence. A review of the applicant's record on the chiropractic examinations and the fact that she failed seven examinations in as many attempts provides ample justification for the Regents' failure to exercise the discretion granted to them and removes any doubt that their action was arbitrary or capricious. Had the board waived the requirements on the record here, it would have abdicated its delegated responsibility, made our licensing provisions meaningless, and indirectly discriminated against the countless numbers who have taken this State's licensing examinations and barely failed. The petitioner has failed to meet her burden and the board's action was thoroughly justified. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.