Kathleen M. FIESEL, Plaintiff,

v.

BOARD OF EDUCATION OF the CITY OF NEW YORK; Irving Anker, Chancellor; Frank Arricale II, Director of Personnel; Board of Examiners of the City of New York; Murray Rockowitz, Chairman, Defendants.

No. 78 C 1408.

United States District Court,
E. D. New York.

May 28, 1980.

A. Lawrence Washburn, New York City, for plaintiff.

Allen G. Schwartz, Corp. Counsel of the City of New York, New York City, by George Sawaya, Joseph F. Bruno, Asst. Corp. Counsels, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, seeking declaratory and injunctive relief, including a grant of full seniority rights and back pay with interest, because of alleged past discriminatory policies and practices of defendants since 1970. Plaintiff alleges she is a handicapped individual, qualified to teach in the public schools of New York City, whose physical handicap has not interfered with her ability to perform teaching duties but who has nonetheless been prevented from teaching in the public schools because of defendants' discriminatory policies and practices. The action is now before the court on defendants' motion to dismiss the complaint pursuant to Rule 12(b), F.R.Civ.P., on the ground that it

is barred by the applicable statute of limitations. They also move to dismiss the claims under the Rehabilitation Act for failure to state a claim upon which relief can be granted. For the following reasons, defendants' motion is granted.

Although born with a developmental defect known as spina bifida which resulted in the paralysis of both her legs, plaintiff alleges she has successfully completed a course of primary, secondary and higher education leading to the receipt of a degree as Master of Science in Education in July 1973. In 1969, she applied for a license as a Regular Teacher of Social Studies, Junior High School, with the Board of Education of the City of New York ("Board"). Plaintiff claims she performed satisfactorily on the written and oral examinations but was denied the license on the basis of a finding by the Board of Examiners' panel of physicians that she was physically "not fit." She received written notice of the denial of her license on September 22, 1970.

Upon reapplication to the Board of Education in 1974, plaintiff was issued a per diem license as a Teacher of the Educable Mentally Retarded, Junior High School, in February 1975, and in June of that year she was granted permanent licenses as Teacher of English and Social Studies, Day High School. While plaintiff did file a complaint with the City of New York's Commission on Human Rights in 1970 after the Board's initial refusal to hire her, it is unclear whether that complaint ultimately resulted in the granting of the license in 1975.

Plaintiff taught in the New York City public schools in the 1974–1975 academic year, but in June 1975 was laid off as a result of cutbacks by the Board. In this action she contends that had she been granted a teaching license when she first applied to the Board in 1970 she would have had sufficient seniority to withstand the cutbacks in 1975. She goes on to claim that the granting of licenses in 1975 did not sufficiently remedy defendants' past discriminatory policies in that it did not grant her lost wages for the years she was prevented from working in the school system.

■ Turning now to the statute of limitations issue, we must first address plaintiff's contention that the right asserted is a federally-created equitable right to an injunction against practices which violate the Federal Constitution and, as such, is governed not by the State statute of limitations but by the doctrine of laches. The argument is not persuasive. It is clear from the complaint that relief in the nature of damages is sought in her request for back pay. In these circumstances, assuming plaintiff seeks equitable remedies, they are at best concurrent with remedies at law and not available solely in equity, and thus the State statute of limitations is applicable. *Cope v. Anderson*, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947). See *Swan v. Board of Higher Education of City of New York*, 319 F.2d 56, 59 n.5 (2d Cir. 1963). See generally 2 Moore's Federal Practice ¶ 3.07[3] (2d ed. 1948). The case is not one in which equitable relief alone is sought or is obtainable, and the doctrine of *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), see *Nicholson v. Board of Com'rs of Alabama State Bar Ass'n*, 338 F.Supp. 48, 53 (M.D.Ala.1972) (three-judge court), does not apply. *Cf. Person v. St. Louis-San Francisco Railway Co.*, 428 F.Supp. 1148 (W.D.Okl.1975).

Nor are we persuaded that in actions of this nature application of a State statute of limitations would be inconsistent with the underlying policies of the federal statute. In the case cited for this proposition, *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), such an inconsistency was found because the State statute placed a one-year limitation on the filing of an EEOC action but the EEOC was unable to file an action at all before the completion of its obligations under statute. *Spiegel v. School Dist. No. 1, Laramie County*, 600 F.2d 264, 265 n.3 (10th Cir. 1979). The situation here is fundamentally different, and other courts have applied State statutes of limitations in similar employment discrimination actions brought under § 1983. See, *e. g., Vulcan Society v. Fire Dept. of City of White Plains*, 82

F.R.D. 379, 392–93 (S.D.N.Y.1979); *Acha v. Beame*, 438 F.Supp. 70, 77 (S.D.N.Y.1977), aff'd, 570 F.2d 57 (2d Cir. 1978).

 It is well established that in a § 1983 action federal courts must apply the statute of limitations applicable to the most similar State cause of action. *Leigh v. McGuire*, 613 F.2d 380, 383 (2d Cir. 1979), *petition for cert. filed*, 48 U.S.L.W. 3627 (U.S. April 1, 1980) (No. 79–1462). See *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir.), cert. denied, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977). In this circuit, the three-year limitations period provided in New York Civil Practice Law § 214(2) for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute" has traditionally governed § 1983 suits against individuals, *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 449 & n.6 (2d Cir. 1980), *citing, e. g., Leigh v. McGuire, supra*; *Meyer v. Frank, supra*; *Swan v. Board of Higher Education, supra*, 319 F.2d at 56, and now also governs suits brought under § 1983 regardless of the legal status of the defendant under New York law, *Quinn v. Syracuse Model Neighborhood Corp., supra*, 613 F.2d at 449.

We have considered in this connection plaintiff's citation to *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), for the proposition that § 1983 provides no rights at all and thus the applicable statute of limitations in actions brought under that section

is New York Civil Practice Law § 213(1), the six-year residual statute. See *State v. Cortelle Corp.*, 38 N.Y.2d 83, 378 N.Y.S.2d 654, 341 N.E.2d 223 (1975). Noting that recent developments suggest the applicability of the six-year statute to suits arising under § 1983, the Court of Appeals for this circuit has nonetheless apparently adhered to the traditional three-year limitation. See *Quinn v. Syracuse Model Neighborhood Corp., supra*, 613 F.2d at 448–49 & n.6. See also *Leigh v. McGuire, supra*. Although the signals from the Court of Appeals have been less than clear on this point, see *Quinn v. Syracuse Model Neighborhood Corp., supra*, 613 F.2d at 449 n.6; *Cullen v. Margiotta*, 618 F.2d 226, 228 n.3 (2d Cir., 1980), we are constrained to conclude, until instructed to the contrary, that the three-year limitation continues to apply.[1]

██ The Supreme Court has only recently noted that

"[o]n many prior occasions, we have emphasized the importance of the policies underlying state statutes of limitations. Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Making out the substantive elements of a claim for relief involves a process of pleading, discovery, and trial. The process of discovery and trial which result in the finding of ultimate facts for or against the plaintiff by the judge or jury is obviously more reliable if the witness or testimony in question is relatively fresh. Thus in the judgment of most

---

1. It is far from certain that *Chapman v. Houston Welfare Rights Organization, supra*, compels the result plaintiff seeks. The Court's comments were made during the course of an opinion deciding whether federal jurisdiction existed under 28 U.S.C. §§ 1343(3)(4) over a claim that a State regulation was in conflict with the federal Social Security Act. While it might be true that § 1983 provides no substantive *rights* at all, it does not necessarily follow that it does not create a "liability, penalty or forfeiture" under New York Civil Law § 214(2). As defendants seem to suggest, Congress created the federal *remedy* provided by § 1983 for the purpose of permitting prosecution of claims of deprivation of constitutional or civil rights in

order to enforce more perfectly federal limitations on unconstitutional State action. See *Jobson v. Henne*, 355 F.2d 129, 133 (2d Cir. 1966). And as the Supreme Court has noted in a different context, "[t]he statute [§ 1983] . . . creates a species of tort liability that on its face admits of no immunities . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128 (1976). See *Sala v. County of Suffolk*, 604 F.2d 207 (2d Cir. 1979), *vacated on other grounds*, —— U.S. ——, 100 S.Ct. 1827, 64 L.Ed.2d 256 (1980). In these circumstances, neither *Chapman* nor *State v. Cortelle Corp., supra*, upon which plaintiff also relies, leads inexorably to application of a six-year statute of limitations.

legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely to either impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious." *Board of Regents of the University of the State of New York v. Tomanio,* —— U.S. ——, ——, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). See also *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

In determining whether a three or six-year limitation applies here, the court concludes that plaintiff's interest in prosecuting claims of this nature under § 1983 are sufficiently protected by a three-year limitation and that defendants' rights to be free from stale claims is best satisfied by application of such a period of limitation.

Plaintiff's fundamental contention is that in civil rights cases alleging employment discrimination, sounding in violations of equal protection and due process, courts must afford plaintiffs special consideration in preserving claims from dismissal on limitations grounds. This, of course, flies in the face of the even shorter periods Congress has deemed reasonable for prosecution of typical employment discrimination actions under Title VII of 42 United States Code. Under New York law, moreover, a one-year period is provided for timely assertion of rights arising out of the employment context pursuant to New York Executive Law § 290 *et seq.* See Executive Law § 297 subd. 5. In these circumstances, the interests protected by § 1983 are given due deference by application of a three-year statute of limitation.

This action was commenced on June 30, 1978. Thus, applying a three-year limitation, acts of discrimination which occurred within the three-year period preceding institution of this suit are actionable pursuant to plaintiff's § 1983 claim. *Acha v. Beame,*

438 F.Supp. 70, 77 (S.D.N.Y.1977), *aff'd,* 570 F.2d 57 (2d Cir. 1978). To assert such a claim, plaintiff must allege that during that period a non-handicapped individual or individuals were hired instead of a qualified handicapped person with higher test scores and must show that she was not hired until after June 30, 1975. See *Acha v. Beame, supra,* 438 F.Supp. at 77.

Here, the record reveals that plaintiff, in fact, was hired and taught in the New York City public school system in the academic year 1974–1975. Accordingly, her claim is barred by the statute of limitations.

Finally, we have considered whether it would be a proper exercise of the court's power to toll a borrowed statute of limitation in the circumstances of this case. See *Kaiser v. Cahn,* 510 F.2d 282, 287 (2d Cir. 1974). See also *Leigh v. McGuire, supra,* 613 F.2d at 383; *Meyer v. Frank, supra,* 550 F.2d at 729. The Supreme Court, however, appears to have settled the issue against such a toll during the pendency of State court litigation. See *Board of Regents of the University of the State of New York v. Tomanio, supra, reversing* 603 F.2d 255 (2d Cir. 1979).

On the record before the court, the only basis for applying a toll of the State statute of limitations would be proceedings in the State courts or administrative agencies. Since the Court's decision in *Board of Regents of the University of the State of New York* forecloses this argument and no other reason for tolling the statute of limitations has been offered, defendants' motion to dismiss the complaint must be granted.[2] It is

SO ORDERED.

---

**2.** Plaintiff's claim under the Rehabilitation Act is also deficient on the ground that it appears to have arisen before the effective date of the statute on September 26, 1973, and thus is not actionable since the statute does not, at least by its terms, apply retroactively. In any event, plaintiff does not seek affirmative relief under the Act.