**Kathleen M. FIESEL, Plaintiff,**

v.

**BOARD OF EDUCATION OF the CITY OF NEW YORK; Irving Anker, Chancellor; Frank Arricale II, Director of Personnel; Board of Examiners of the City of New York; Murray Rockowitz, Chairman, Defendants.**

No. 78 C 1408.

United States District Court,
E. D. New York.

Sept. 22, 1981.

A. Lawrence Washburn, Jr., Williston Park, N. Y., for plaintiff.

Allen G. Schwartz, Corp. Counsel by George Sawaya, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

By memorandum and order dated May 28, 1980, 490 F.Supp. 363, the Court dismissed as time-barred this civil rights action, commenced in June 1978 pursuant to 42 U.S.C. § 1983, arising out of defendants' allegedly improper denial of a teaching license to plaintiff in 1970. The action is now before the Court on plaintiff's motion for reconsideration. For the reasons which follow, the motion is denied.

In our earlier decision, the Court relied on authority in this Circuit applying to § 1983 actions the three-year limitations period provided in N.Y. CPLR § 214(2), *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 449 & n.6 (2d Cir. 1980); *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir.), *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977); *Swan v. Board of Higher Education of City of New York*, 319 F.2d 56 (2d Cir. 1963); and held that dismissal was appropriate where plaintiff had failed to allege a discriminatory hiring practice within three years prior to the institution of this action. See *Acha v. Beame*, 438 F.Supp. 70, 77 (S.D.N.Y.1977), *aff'd*, 570 F.2d 57 (2d Cir.

1978). Noting plaintiff's argument that in light of *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), a longer statute of limitations might be applicable, the Court concluded nonetheless that

> "[a]lthough the signals from the Court of Appeals have been less than clear on this point, see *Quinn v. Syracuse Model Neighborhood Corp., supra*, 613 F.2d at 449 n.6; *Cullen v. Margiotta*, [618 F.2d 226, 229 n.3 (2d Cir. 1980)], we are constrained to conclude, until instructed to the contrary, that the three-year limitation continues to apply." 490 F.Supp. 363, 365. [Footnote omitted.]

Most recently, the Court of Appeals for this Circuit has addressed this issue and squarely decided

> "that, even after *Chapman*, § 214(2) is the most appropriate New York statute of limitations for § 1983 actions." *Pauk v. Board of Trustees of the City University of New York*, 654 F.2d 856, 861 (2d Cir., 1981).

Plaintiff contends, nonetheless, that even if the Court adheres to its application of N.Y. CPLR § 214(2), the documentary materials she has submitted on this motion support a new set of allegations of discriminatory acts within the three-year period prior to this suit. Upon careful review of these materials, however, the Court is of opinion that they do not warrant reconsideration of our earlier conclusion that any § 1983 claim plaintiff may have once had is now time-barred.

Plaintiff alleged that the denial of her license in 1970 was because of her physical disability. She was later hired and taught in the New York City public schools in 1975 but was laid off in June of that year as a result of city-wide fiscal cutbacks. In 1977, upon her reapplication and examination for recertification, plaintiff was offered a teaching position. Claiming that had she been granted a license in 1970 she would have had sufficient seniority to withstand the cutbacks in 1975, plaintiff in 1977 requested that she be rehired with seniority

**50**

retroactive to 1970. She now claims that defendants' rejection of this demand constitutes a discriminatory hiring practice within three years of the commencement of this action. We disagree.

While State law provides the statute of limitations applicable to § 1983 actions, *Quinn v. Syracuse Model Neighborhood Corp., supra*, accrual of a civil rights cause of action remains a question of federal law. *Rawlings v. Ray*, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605 (1941); *Leonhard v. United States*, 633 F.2d 599, 613 (2d Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Kaiser v. Cahn*, 510 F.2d 282, 285 (2d Cir. 1974). Under federal principles, the mere allegation of recent discriminatory impact of an earlier and time-barred violation is insufficient to constitute a continuing or independent act of discrimination for purposes of the statute of limitations. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558–59, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *Cates v. Trans World Airlines, Inc.*, 561 F.2d 1064, 1072 (2d Cir. 1977).[1] More particularly, the application of a "seniority system [that] gives present effect to a past act of discrimination" but is itself neutral in operation and makes no impermissible distinctions, does not give rise to an independent civil rights claim. *United Air Lines, Inc. v. Evans*, *supra*, 431 U.S. at 558, 97 S.Ct. at 1889.

A review of the submissions on this motion reveals that plaintiff herself characterized her 1977 request for retroactive seniority as purely ameliorative of the improper treatment she believed she had received in 1970. It was plaintiff's demand that defendant

"restore the seniority and other benefits which, in view of the overt and express discrimination I was subjected to, are necessary to put me in the position I would have been in if I had been licensed in September, 1970. . . . I ask for the same type of equitable relief in order to undo the effects of past discrimination by the Board of Education."

Letter to Michael Rosen, Board of Education Legal Dept., dated July 13, 1977, Plaintiff's Exh. D. Plaintiff did not claim in 1977, nor does she assert now, that the failure to grant her request for special treatment was motivated in any way by improper consideration of her physical handicap. Rather, her lengthy correspondence with defendants clearly demonstrates her belief that an otherwise neutral seniority system should be adjusted to "rectify" the residual effects of a prior claimed discriminatory refusal to hire. Such an allegation fails to state an independent violation that could defeat dismissal under the applicable statute of limitations. *Cates v. Trans World Airlines, Inc., supra*, 561 F.2d at 1072.[2]

---

1. While the cases cited in the text discussed federal principles for accrual of claims brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, the Court of Appeals has rejected the suggestion

    "that the federal rule for determining when a particular type of claim accrues should vary according to the federal statute under which it is brought. We think it appropriate to follow the Supreme Court's approach to the time of accrual of a claim involving a denial of tenure under 42 U.S.C. § 1981 (1976) in this action brought under 42 U.S.C. § 1983 (1976). [Citation omitted.]"

    *Pauk v. Board of Trustees of the City University of New York*, 654 F.2d 856, 860 n.3 (2d Cir., 1981). See also *Cates v. Trans World Airlines, Inc.*, 561 F.2d 1064, 1073 n.15 (2d Cir. 1977) (applying identical analysis for determining accrual of Title VII and § 1981 claims).

2. It is for these reasons also that plaintiff cannot assert a timely claim arising out of her layoff in June 1975, which she does not contend was due to any cause other than the neutral operation of the seniority system.

    We are cognizant of a line of cases in this Circuit allowing a Title VII plaintiff to defeat a time bar "by asserting subsequent identifiable acts of discrimination related to a time barred incident." *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 105 & n.5 (2d Cir. 1978), discussing *Egelston v. State University College at Geneseo*, 535 F.2d 752 (2d Cir. 1976); *Noble v. University of Rochester*, 535 F.2d 756 (2d Cir. 1976); and *Weise v. Syracuse University*, 522 F.2d 397 (2d Cir. 1975). Those cases, however, involved allegations of continued discriminatory practices during the period after an allegedly improper but time-barred termination decision but before the effective date of the termination. We consider plaintiff's case to be governed by *Evans* and *Cates*, as discussed in

The Court has considered plaintiff's other arguments and concludes that they constitute no more than a re-presentation of her earlier contentions.

Accordingly, the motion for reconsideration is denied.

SO ORDERED.

the text above, which considered the more closely analogous situation of a seniority system giving present effect to past and discrete actions not alleged to be continuing. In any event, the continued validity of *Egleston, Noble* and *Weise, supra,* may at least in part be questionable in light of the Supreme Court's more recent decision in *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).