Kathleen M. FIESEL, Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF the CITY OF NEW YORK; Irving Anker, Chancellor; Frank Arricale II, Director of Personnel; Board of Examiners of the City of New York; Murray Rockowitz, Chairman, Defendants-Appellees.

No. 749, Docket 81–7759.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1982.

Decided April 9, 1982.

---

MESKILL, Circuit Judge:

Kathleen Fiesel, a licensed New York City teacher, commenced this civil rights action on June 30, 1978, seeking declaratory and injunctive relief, including a grant of full seniority rights and back pay with interest, on the basis of alleged discriminatory practices and policies of appellees beginning in 1970. The district court dismissed the complaint as time-barred. We affirm.

## BACKGROUND

The relevant facts can be briefly stated. Fiesel, who has been paralyzed in both legs since birth, alleges that she has successfully completed her educational studies, leading to her receipt of a degree of Master of Science in Education in July 1973. She further alleges that her physical handicap has not interfered with her ability to perform teaching duties.

This case arises from Fiesel's 1969 application with the New York City Board of Education for a license as a Regular Teacher of Social Studies, Junior High School. Fiesel claims that despite satisfactory scores on her written and oral examinations, she was denied a license "solely and expressly on the basis of her physical handicap." Complaint at 4. She received official notice that her application had been denied on September 22, 1970. Although Fiesel filed a complaint with the New York City Commission on Human Rights, she chose not to seek judicial relief because she felt that the state courts would not be sympathetic to her claims and because, at the time, municipalities enjoyed immunity from suit in federal court under *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

In February 1975, after Fiesel reapplied, the Board of Education issued her a per diem license as a Teacher of the Educable Mentally Retarded. Four months later, she was granted permanent licenses to teach English and Social Studies in Day High School. She taught in the New York City public schools during the 1974–1975 academic year, but was laid off in June 1975 as a result of budget cutbacks. She was re-

A. Lawrence Washburn, Jr., Williston Park, N. Y., for plaintiff-appellant.

Dody Schorr, Brooklyn, N. Y. (Frederick A. O. Schwarz, Corp. Counsel, Ronald E. Sternberg, New York City, of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, and VAN GRAAFEILAND and MESKILL, Circuit Judges.

hired in September 1980 and is currently teaching.

On June 30, 1978, twenty-four days after the Supreme Court held in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), that municipalities were no longer immune from suit under 42 U.S.C. § 1983, Fiesel commenced the present action under section 1983 and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.,* alleging that she was refused a teaching license in 1970 because of her physical handicap. She further stated that had she been granted a license in 1970, she would have had sufficient seniority to withstand the 1975 budget cuts. As relief, Fiesel asked the district court to enjoin appellees from engaging in the alleged discriminatory practices and policies and to grant her "full seniority and other rights and back-pay with interest ... to September 1970." Complaint at 12.

On May 28, 1980, the district court granted appellees' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) on the ground that it was barred by the relevant three-year statute of limitations.[1]

## DISCUSSION

Fiesel's argument on appeal, simply stated, is that accrual of a cause of action is a matter of state law, and that under New York law this cause of action did not accrue until the Supreme Court's decision in *Monell* in June 1978. We accept neither the premise nor the conclusion.

■ While the statute of limitations applicable to a section 1983 action is determined by reference to state law, *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 449 (2d Cir. 1980); *Meyer v. Frank,* 550 F.2d 726, 728 (2d Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977), accrual of the cause of action remains a question of federal law, *Leonhard v. United States,* 633 F.2d 599, 613 (2d Cir. 1980), *cert. denied,* 451 U.S. 908,

101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Kaiser v. Cahn,* 510 F.2d 282, 285 (2d Cir. 1974).

■ We agree with the Ninth Circuit, *McConnell v. Critchlow,* 661 F.2d 116 (9th Cir. 1981), that

[a] decision recognizing a cause of action after the period has run does not retroactively interrupt the running of the limitations period.... Such delayed accrual could result in an outpouring of stale, difficult to defend claims, contrary to the policy underlying limitations statutes.

*Id.* at 118. Accordingly, we reject Fiesel's argument that her cause of action, based on alleged wrongs occurring in 1970, did not accrue until *Monell* was decided in 1978. As Judge Metzner stated in *Duchesne v. Sugarman,* 459 F.Supp. 313, 314 (S.D.N.Y. 1978), "[i]t is inconceivable that a byproduct of *Monell* would be to open the courts to claims for damages based on actions taken by municipalities in the intervening years."

Fiesel was perfectly free at any time within three years of the alleged discrimination to challenge the reasoning of *Monroe v. Pape,* as did the petitioners in *Monell,* ultimately prevailing in 1978. The true reason for her failure to do so is explained candidly in her brief at page nine:

Simply put, all of the rights settled by [*Monell, Gurmankin v. Costanzo,* 411 F.Supp. 982 (E.D.Pa.1976), *aff'd,* 556 F.2d 184 (3rd Cir. 1977), *cert. denied,* 450 U.S. 923 [101 S.Ct. 1375, 67 L.Ed.2d 352] (1981), and *Franks v. Bowman Transportation Co.,* 424 U.S. 747 [96 S.Ct. 1251, 47 L.Ed.2d 444] (1976),] were too unsettled, prior thereto, to risk the great expense and effort of appropriate litigation of her claims.

These risks, while very real, do not provide a basis for suspending the statute of limitations period:

The only sure way to determine whether a suit can be maintained is to try it. The application of the statute of limitations cannot be made to depend upon the constantly shifting state of the law, and a

---

1. The district court referred to N.Y.Civ.Prac. Law and Rules § 214(2) (McKinney) in ruling that the applicable statute of limitations in this

case is three years. 490 F.Supp. 363, 365 (S.D.N.Y.1980).

suitor cannot toll or suspend the running of the statute by relying upon the uncertainties of controlling law. It is incumbent upon him to test his right and remedy in the available forums. These suits were not commenced until through the labor of others the way was made clear. *Versluis v. Town of Haskell*, 154 F.2d 935, 943 (10th Cir. 1946).

The decision of the district court is affirmed.