Emanuel **RICHARDS**, Jr., Edwards S. Jordan, William Arrington, Elmer Owens, Clarence Rivers, Fannie Beckles, Bennie McCall, and Minority Correction Officers Assoc., Inc., individually and as representative of all others similarly situated, Plaintiffs,

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES**, Thomas A. Coughlin, III, Individually and as Commissioner of the New York State Department of Correctional Services, John Cassidy, Individually and as Director of the Bureau of Labor Relations of the Department of Correctional Services, and Meyer Frucher, Individually and as Director of the Office of Employee Relations, New York State Executive Department, Defendants.

No. 82 Civ. 626 (JFK).

United States District Court, S.D. New York.

April 19, 1988.

---

White & Case, New York City (Janis M. Meyer, Of Counsel), for plaintiff Bennie McCall.

Robert Abrams, Atty. Gen. of State of N.Y., New York City (Stephen M. Jacoby, Asst. Atty. Gen., of counsel), for defendants.

## MEMORANDUM OPINION and ORDER

KEENAN, District Judge:

### BACKGROUND

Plaintiffs brought this class action alleging race discrimination by defendants. Plaintiffs were the Minority Correction Officers Association ("MCOA"), a fraternal organization consisting of Black and Hispanic employees of the New York State Department of Correctional Services ("DOCS"), and seven past and present Black or Hispanic Correction Officers of DOCS. Plaintiffs brought this action for racial discrimination under 42 U.S.C. §§ 1981, 1983 and 1985, Title VI, 42 U.S.C. § 2000d, the fourteenth amendment of the Constitution and the New York State Constitution and New York Civil Rights Law.

All plaintiffs have since been dismissed or have withdrawn their claims except for plaintiff Bennie McCall. All defendants have been dismissed except Thomas A. Coughlin, the Commissioner of DOCS, and Meyer Frucher as the Director of the Office of Employee Relations within the New York State Executive Department.

McCall is a black former Correction Officer with DOCS. From July 1969 until May 1976, McCall worked as a Narcotics Correction Officer with the New York State Narcotics Addiction Control Commission. In 1974, while on duty, McCall had an emotional experience during which he began laughing and crying hysterically. The experience had to do with his receiving a group assignment which would enable him to keep two jobs. McCall then claims that he was told that people were "out to get him." Later that year, McCall was charged with certain infractions, including sleeping on duty. All charges, except that of sleeping on duty, were dismissed by an arbitrator and McCall was suspended for one month. McCall began to suffer from sleeping problems.

McCall was assigned to DOCS as a Correction Officer in 1976. From 1976 to April 1979, when he was terminated, McCall was repeatedly tardy, apparently due to his sleep problems. On August 15, 1977, McCall received a Notice of Discipline seeking his dismissal for charges relating to a "count slip" and for accumulated tardiness. After grieving the discipline, McCall settled for a $100 fine and an 18–month evaluation period. During that time, it was agreed that McCall would be dismissed "without further appeal" if his attendance proved "unsatisfactory." Thereafter, McCall was tardy on 40 occasions and was given two warnings before being dismissed on March 30, 1979.

McCall does not dispute his record for tardiness but alleges that he was discriminated against because of his race. Defendants now move for summary judgment. For the reasons set forth below, the motion is granted.

### DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

**4**

law." The moving party bears the burden of showing the absence of evidence which would support the nonmoving party's claim, *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), and all inferences should be drawn in favor of the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The party opposing the motion, however,

> cannot rest on the allegations of the complaint, but must adduce factual material which raises a substantial question of the veracity or completeness of the movant's showing or presents countervailing facts.

*Beal v. Lindsay,* 468 F.2d 287, 291 (2d Cir.1972).

In this case, plaintiff argues that certain charges made against him were racially motivated and due to his emotional experience in 1974. Plaintiff contends that genuine issues of material fact exist as to these allegations. Plaintiff, however, puts forth no evidence of any discriminatory motive except for his conclusory statement that someone was "out to get him." Moreover, plaintiff had an extensive record of tardiness, which he admits, and which would reasonably justify a dismissal from his duties. Because plaintiff has failed to assert any evidence which would indicate a material disputed fact, summary judgment is granted in favor of defendants.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted. The action is hereby dismissed and is to be removed from the active docket of this Court.

SO ORDERED.