**Bennie McCALL, Jr., Plaintiff,**

v.

**STATE OF NEW YORK,
et al., Defendants.**

No. 83 Civ. 5535 (JES).

United States District Court,
S.D. New York.

Feb. 8, 1993.

---

Bennie McCall, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Dept. of Law, New York City for defendants; Stephen M. Jacoby, Asst. Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Bennie McCall brings this motion pursuant to Fed.R.Civ.P. 60(b) for relief from a stipulation of withdrawal with prejudice filed on September 11, 1990. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

The following facts derive from the motion papers of the parties and from Judge Keenan's opinion in a related case, *Richards v. N.Y. State Dept. of Correctional Serv.*, 700 F.Supp. 2 (S.D.N.Y.1988). McCall worked as a Corrections Officer for the State of New York from 1969 until 1979. Notarized Statement of Bennie McCall Dated June 19, 1979 (hereinafter "McCall Statement"); *Richards*, 700 F.Supp. at 3. On November 10, 1974, while employed at the Ridge Hill Rehabilitation Center in Yonkers, New York, McCall had an unusual emotional reaction to an unexpected work group assignment schedule change which enabled him to hold two jobs at once and which he describes as an "act of God." McCall Statement at 5–6; *Richards*, 700 F.Supp. at 3. McCall's excitement over this good news incited an hysterical reaction in him. *Id.* McCall claims that several days later a fellow Corrections Officer began warning him that people were "out to get him" because of his emotional experience. McCall Statement at 6; *Richards*, 700 F.Supp. at 3. Later that year, McCall was charged with several

work infractions. *Id.* Although three of the charges were dismissed, an arbitrator found him guilty of sleeping on duty and suspended him for one month. *Id.*

In May, 1976, McCall was reassigned to the New York State Department of Correctional Services ("DOCS"). *Id.* From 1976 to early 1979, McCall continued to have difficulty getting to work on time due to his sleeping problem. *Id.* On August 15, 1977, McCall received a Notice of Discipline seeking his dismissal for charges relating to a "count slip" for accumulated tardiness. *Id.* His attorney negotiated a settlement which provided for a fine and an 18–month evaluation period during which DOCS could dismiss McCall without further appeal if his attendance was unsatisfactory. *Id.* Thereafter, McCall was tardy on several occasions and given two warnings before DOCS finally dismissed him effective March 30, 1979. *Id.* McCall did not dispute his lateness but believed that his dismissal was motivated by racial discrimination. *Id.*

On June 19, 1979, McCall submitted a claim to the New York State Division of Human Rights and to the EEOC. Amended Reply to Defendant's Affirmation in Opposition to Rule 60(b) Motion (hereinafter "Amended Reply") at 6. The EEOC issued McCall a right to sue letter on March 31, 1983. *Id.*

On February 2, 1982, the Minority Correction Officers Association and seven past and present DOCS officers, including McCall, filed *Richards v. New York State Dept. of Correctional Serv.*, 82 Civ. 0626 (JFK), claiming racial discrimination in violation of Title VII. The case was never certified as a class action, and eventually all the plaintiffs were dismissed or withdrew these claims, except McCall. *Id.* McCall alleged that certain charges made against him were motivated by racial discrimination and antipathy due to his emotional experience in 1974. *Id.* Judge Keenan granted DOCS's motion for summary judgment because McCall had put forth no evidence of any discriminatory motive except for his conclusory statement that someone was "out to get him." *Id.*

McCall's appeal to the Second Circuit was dismissed on March 15, 1989. Jacoby Aff. Ex.B.

On July, 26, 1983, McCall filed this action, *McCall v. New York State Dept. of Correctional Serv.*, 83 Civ. 5535 (JES), alleging that the disciplinary charges brought against him while he was employed at Ridge Hill and his termination by DOCS were the result of a policy of racial discrimination. *See* Amended Complaint. On January 12, 1990, DOCS filed a motion to dismiss or, in the alternative, for summary judgment. Jacoby Aff. at ¶ 8. However, prior to oral argument of the motion, McCall stipulated to withdraw his case with prejudice, Stipulation of Withdrawal filed September 11, 1990, after Assistant Attorney General Jacoby explained to McCall that "with prejudice" meant he could not bring his case again. Jacoby Aff. at ¶ 9.

On December 31, 1991, McCall filed a motion under Fed.R.Civ.P. 60(b) for relief from the stipulation of withdrawal with prejudice.[1] McCall alleges in the Rule 60(b) Motion that Assistant Attorney General Jacoby misleadingly omitted from his exhibits in support of his summary judgment motion a Department of Labor Appeals Council decision that found McCall unable to perform any kind of work due to a combination of medical problems, Jacoby Aff. Ex. G, a September 7, 1988 report by Dr. Kennedy who first treated McCall on October 15, 1979, Plaintiff's Reply Exhibits on Rule 60(b) Motion Ex. 8, and a December 29, 1988 report by Dr. Ellen Weinberg, a psychiatrist, Jacoby Aff.Ex.F.

## DISCUSSION

Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final order. It provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Plaintiff asserts that he is entitled to such relief because the 1989 Department of Labor Appeals Council disability determination and the two doctors' reports constitute "newly discovered evidence" within the meaning of Fed.R.Civ.P. 60(b)(2). The doctors' reports and the Appeals Council determination, which reversed a 1986 unemployment compensation decision that McCall's 1986 termination from the New York City Department of Parks was for misconduct, are neither new nor relevant in any way to McCall's claim of racial discrimination in his 1979 DOCS employment termination. Furthermore, McCall's Rule 60(b)(2) motion is untimely because, whereas Rule 60(b) requires that motions based on subsection (2) be made within one year after an order is entered, McCall filed his motion over fifteen months after the September 11, 1989 Stipulation of Withdrawal.[2]

Moreover, McCall's motion does not warrant relief from the stipulation of withdrawal under Rule 60(b)(6), which has no specific time limit, because McCall has failed to demonstrate that there are "extraordinary circumstances" or "extreme hardships" that warrant such relief. *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212,

---

1. On the same date, McCall also filed a motion under Fed.R.Civ.P. 60(b) for relief from Judge Keenan's grant of summary judgment. Judge Keenan dismissed that motion, filed three years and 6 months after the April 19, 1988 opinion, as untimely.

2. In addition, even if the Court stretched its interpretation of McCall's Rule 60(b) motion papers to encompass an argument that the Assistant Attorney General committed a fraud under Rule 60(b)(3) by not submitting this evidence in connection with the State's motion papers, McCall's motion would still be time-barred.

95 L.Ed. 207 (1950); *United States v. Karahalias,* 205 F.2d 331, 333 (2d Cir.1953)). McCall has not alleged any facts to create an inference of the existence of exceptional circumstances or extreme hardship to support his motion. McCall alleges merely that Assistant Attorney General Jacoby failed to supplement the State's summary judgment motion papers with the Appeals Council decision and two doctors reports. However, McCall was aware of these reports and could have presented them to the Court himself. Moreover, these papers discuss McCall's medical condition and thus are not relevant to McCall's claim of racial discrimination. Finally, and perhaps most important, the State's failure to present the documents is irrelevant because McCall stipulated to withdraw his complaint before the Court could reach a decision on the merits of the State's motion for summary judgment, and therefore the alleged failure did not in any way impact or affect the resolution of that motion. *Nemaizer v. Baker,* 793 F.2d 58, 64 (2d Cir.1986).

Furthermore, even if McCall had satisfied the "extraordinary circumstances" or "extreme hardship" standard, he could not relitigate the claim that his dismissal from DOCS was based on racial discrimination because Judge Keenan has already made a final judgment on the merits, in *Richards v. New York State Dept. of Correctional Services,* 700 F.Supp. 2 (S.D.N.Y.1988), that there was no racial discrimination in McCall's termination from DOCS. It is settled that "a judgment, once rendered by a court of competent jurisdiction, will be treated thereafter as the 'full measure of relief to be accorded between the same parties on the same ... cause of action....'" *Murphy v. Gallagher,* 761 F.2d 878, 879 (2d Cir.1985) (quoting *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* 575 F.2d 530, 535 (5th Cir. 1978)).

In *Richards,* Judge Keenan dismissed McCall's race discrimination claim because McCall "put[ ] forth no evidence of any discriminatory motive except for his conclusory statement that someone was 'out to get him.'" *Richards,* 700 F.Supp. at 4. In the instant action that McCall seeks to renew, he contends that his discharge was due to disciplinary charges "brought against plaintiff on a racially discriminatory basis." Amended Complaint ¶ 30, a claim identical to that adjudicated in *Richards.*[3]

### CONCLUSION

For the reasons given above, McCall's motion to vacate the stipulation of withdrawal with prejudice is denied. The Clerk of the Court is directed to enter a judgment accordingly.

It is SO ORDERED.

---

**3.** McCall's motion papers make several allegations of handicap discrimination that were not addressed in Judge Keenan's opinion. The doctrine of res judicata also bars any claim of handicap discrimination in connection with McCall's 1979 dismissal from DOCS because he could have raised such a claim during the pendency of *Richards. Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 38 (2d Cir.1992). Moreover, these allegations are not included in McCall's complaint, and even if the Court were to vacate the stipulation of withdrawal, McCall would be time-barred from amending the complaint to include a claim of handicap discrimination based upon a 1979 employment dismissal. It is settled that the three-year limitation period of N.Y.Civ.Prac. Law and Rules § 214(2) is the appropriate state statute of limitations for employment discrimination claims. *See Vulcan Society v. Fire Dept. of City of White Plains,* 82 F.R.D. 379, 392–93 (S.D.N.Y.1979); *Fiesel v. Bd. of Ed. of City of New York,* 490 F.Supp. 363 (E.D.N.Y.1980), *reconsideration denied,* 524 F.Supp. 48 (E.D.N.Y.1981) *aff'd,* 675 F.2d 522 (2d Cir.1982). McCall's cause of action accrued on March 30, 1979, the date of his termination by DOCS, because it would have been at that time that he received notice of the allegedly discriminatory decision, *i.e.,* dismissal because of his handicap. *See O'Malley v. GTE Serv. Corp.,* 758 F.2d 818, 820 (2d Cir.1985). Therefore, an attempt by McCall to assert a handicap discrimination claim at this time is barred by the three-year statute of limitations.