■    In the Matter of SEYMOUR GRATZ, Appellant, v. EDWARD F. CAVANAGH, JR., as Commissioner of the Fire Department of the City of New York, et al., Respondents.— Order, entered on December 27, 1960, dismissing petition in an article 78 proceeding, unanimously affirmed. The time limitations in section B19–7.83 of the Administrative Code are directory and do not constitute a Statute of Limitations rendering action of the Pension Board outside these limitations nugatory. Petitioner failed to allege facts from which a reasonable conclusion could be drawn that the Medical Board acted arbitrarily or capriciously. Concur — Botein, P. J., Rabin, Eager, Steuer and Noonan, JJ.

■    In the Matter of ALFRED BERNKRANT, Appellant, v. TEMPORARY STATE HOUSING RENT COMMISSION et al., Respondents.— Order, entered on October 25, 1962, dismissing the petition, unanimously modified on the law and the facts to the extent of annulling the determination of the City Rent Administrator and directing the issuance of a certificate of eviction, and otherwise affirmed. The landlord has made application for a certificate of eviction to enable him to obtain possession of the second-floor apartment for his own residential occupancy. There is no evidence that he has not made that application in good faith, nor that he will not occupy the premises sought. A lack of good faith may not be premised on the Administrator's determination that the landlord's use of the first-floor apartment is in contravention of the appropriate zoning resolutions. Such a determination, in the context of this case, is not within the Administrator's competence, nor does it suffice to act as a bar to the issuance of the certificate sought. Moreover, it is not clear whether the landlord is in fact using the premises in violation of law. Concur — Rabin, J. P., McNally, Stevens, Steuer and Noonan, JJ.