574 F.2d 115
 Irving ORNSTEIN, Plaintiff-Appellant,
v.
James F. REGAN, Chairman, Board of Education Retirement
System of the City of New York, Board of Education
Retirement System of the City of New York, and Joseph
Antionette, Executive Secretary, Board of Education,
Retirement System of the City of New York, Defendants-Appellees.
 No. 377, Docket 77-7307.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 11, 1978.
Decided April 4, 1978.
 
 Sam Resnicoff, and Gordon & Shechtman, P. C., New York City (Murray A. Gordon, Sam Resnicoff, New York City, of counsel), for plaintiff-appellant.
 W. Bernard Richland, Corp. Counsel, New York City (Leonard Koerner, Susan L. Bloom, New York City, of counsel), for defendants-appellees.
 Before FEINBERG and OAKES, Circuit Judges, and WYATT, District Judge.*
 WYATT, District Judge:
 This is an appeal from a judgment of the District Court for the Eastern District of New York (Costantino, J.), granting a motion by defendants for summary judgment and dismissing the complaint as barred by the principle of res judicata.
 
 
 1
 The question here is whether appellant actually litigated in the state courts the issue that the time limitation on his claim for accident disability retirement is unconstitutional. The court below decided that he had and that the decision against him in the state courts barred his action in a federal District Court. We disagree. We reverse the decision below and remand for further proceedings which will include decision of issues which were not reached in the District Court.
 
 
 2
 * Appellant Ornstein, beginning May 25, 1959, was employed as a machinist's helper by the Board of Education of the City of New York. As such, he was a member of the Board of Education Retirement System ("the System") and was required to contribute to it.
 
 
 3
 On February 17, 1969, as part of his work, Ornstein was required to go (with his box of tools) from one high school to another. While walking on the way, he fell on ice and was injured. He was unable thereafter to work and was given extensive medical treatment but he says he was told, and believed, that his injuries were temporary and would clear up. According to Ornstein, it was in June 1972 that he was first advised that he would be permanently disabled and unable again to walk. He promptly applied for retirement on account of accident disability. The System, by letter to him dated July 19, 1972, denied any retirement benefits, citing Section 17 of the rules of the System that claims for accident disability retirement must be made within two years of the date of the accident.
 
 
 4
 Ornstein on October 18, 1972 commenced an action (technically, an Article 78 proceeding) against the System in the New York Supreme Court, Kings County, asking for his retirement benefits and for return of his contributions to the System. The defense was that the claim for retirement benefits was filed more than two years after the accident happened. Ornstein argued that Section 17, the time limitation, should be interpreted so as to allow a claim to be filed within two years after the claimant becomes aware that he is permanently disabled. This argument was rejected and the New York Supreme Court, on June 19, 1973, entered a judgment dismissing the action. The Appellate Division, Second Department, unanimously affirmed, without opinion, on October 23, 1974 (46 A.D.2d 738; 361 N.Y.S.2d 329).
 
 
 5
 Leave to appeal was denied by the Appellate Division on December 4, 1974, and by the Court of Appeals on February 12, 1975.
 
 
 6
 On July 24, 1975, Ornstein commenced this action in the Eastern District of New York, asserting as jurisdictional grounds, among others, federal questions (28 U.S.C. § 1331) and civil rights claims (28 U.S.C. § 1343). The basic claim is that the Section 17 time limitation is unconstitutional as a denial of due process and the equal protection of the laws.
 
 
 7
 Both sides moved for summary judgment. The District Court, with a memorandum opinion, granted the motion of defendants on the ground that Ornstein in the state court had sufficiently raised his constitutional claims so that he was barred by res judicata principles from litigating such claims in the federal courts. A memorandum opinion and order was filed on May 24, 1977; a judgment was filed on May 25, 1977.
 
 
 8
 This appeal (from the May 25, 1977 judgment) followed.
 
 2
 
 9
 The traditional doctrine of res judicata is that a valid final judgment on the merits operates to bind the parties both as to issues actually litigated and determined in the first action and as to those issues which might have been, but were not, actually raised and decided in that first action. Saylor v. Lindsley, 391 F.2d 965, 968 (2d Cir. 1968).
 
 
 10
 This court, however, for policy reasons, has declined in civil rights cases to give res judicata effect as to constitutional issues which might have been, but were not, litigated in an earlier state court action. Lombard v. Board of Education, 502 F.2d 631, 635-37 (2d Cir. 1974), cert. denied,420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). A principal policy reason is that the civil rights action provided by 42 U.S.C. § 1983 is supplementary to the state remedy which need not be first sought before the federal claim is asserted. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). To apply res judicata effect to a state remedy which need not be first sought, is to "overrule the essence of Monroe v. Pape . . . ". Lombard v. Board of Education, above at 635. The later decisions of this Court are collected in Winters v. Lavine, 574 F.2d 46 at 56-58 (2d Cir. 1978).
 
 
 11
 On the other hand, our decisions have clearly established that where a constitutional issue has been actually raised in the state court, the litigant has made his choice and may not relitigate that issue in a federal court in a Section 1983 action. Lombard v. Board of Education, above, at 636-37; Thistlewaite v. City of New York, 497 F.2d (2d Cir.), cert. denied, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974); Turco v. Monroe County Bar Association, 554 F.2d 515 (1977); Ellentuck v. Klein, 570 F.2d 414 at 422 (2d Cir. 1978).
 
 3
 
 12
 With these general principles in mind, the question is whether the record shows that Ornstein presented to the state courts his claims now made in this action that the two-year time limitation of Section 17 is in violation of the due process and equal protection clauses of the fourteenth amendment. On the basis of a paragraph in the brief for Ornstein in the Appellate Division, Judge Costantino felt that these claims had been presented to the state courts (App. 78-80). We do not agree.
 
 
 13
 The initial pleading of Ornstein in the state court (App. 45-48) did not raise any constitutional issues. The petition made no mention of due process or of equal protection. Rather, the petition was a bare averment of facts with a concluding prayer for relief. The petition set out the circumstances surrounding Ornstein's accident, his physical condition thereafter, the medical treatment he received, the surgical procedures he underwent, his application to the System for a disability pension, and the System's denial of the application.
 
 
 14
 In the memorandum opinion of the lower state court (App. 17-20) denying relief to Ornstein, there is no reference to due process or equal protection. Justice Schwartzwald outlined the facts of Ornstein's accident, his condition and his application to the System. He then stated his finding that there was "no merit to petitioner's contention that Section 17 should be interpreted to allow a disability retirement claim to be filed when a claimant becomes aware that the injury is permanent" (App. 19). It is clear that the state Supreme Court decision was only that the "plain language" of Section 17 required a finding that the claim was time barred (App. 19).
 
 
 15
 The affirmance by the Appellate Division without opinion gave no indication that constitutional issues were considered.
 
 
 16
 The only possible reference to constitutional issues in the state court was in the following paragraph (App. 64-65) which appeared in the brief for Ornstein submitted to the Appellate Division and on which Judge Costantino based his decision below:
 
 
 17
 "Appellant has been with the Board of Education since 1959. As a permanent tenured civil service employee occupying a competitive position, he had a property right in his position (Board of Regents v. Roth, 408 U.S. 546, (564, 92 S.Ct. 2701, 33 L.Ed.2d 548) and Perry v. Sinderman (Sindermann), 408 U.S. 593 (92 S.Ct. 2694, 33 L.Ed.2d 570).) That property right not only included continuity of employment and a subsequent pension, but a disability pension if disabled as a result of his employment. A denial of that right would be a violation of his constitutional rights to due process and equal protection of the laws. Appellant could not be deprived of his possessory interest to this property right. And where the denial of a service-connected disability pension has no basis in the record the action of respondents in failing and refusing to grant appellant a disability pension must be viewed as illegal, improper, arbitrary, capricious and unreasonable. (O'Hara v. Monaghan, 309 N.Y. 931 (132 N.E.2d 310); Gratz v. Cavanagh, 18 A.D.2d 887 (237 N.Y.S.2d 654); Thompson (Thomasson) v. Valentine, 263 App.Div. 334 (32 N.Y.S.2d 996), and Eichler v. McElligott, 259 App.Div. 151 (18 N.Y.S.2d 508).)"
 
 
 18
 The arguments in this brief were made in support of a proceeding under Article 78, an article which specifies that only certain questions can properly be raised in such a proceeding. N.Y.C.P.L.R. § 7803(3) limits the questions that can be raised in an Article 78 proceeding:
 
 
 19
 "The only questions that may be raised in a proceeding under this article are:
 
 
 20
 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; . . ."
 
 
 21
 We believe that the paragraph from Ornstein's brief to the Appellate Division on which Judge Costantino relied was an attempt to show that the System's determination had been "affected by an error of law" or was "arbitrary and capricious" within the language of Section 7803(3). We do not believe that it was intended to assert a separate constitutional claim for relief. Counsel for defendants must have had the same view in the Appellate Division; they referred to the two federal court decisions cited for Ornstein as "having no pertinence to (the) issue presented on this appeal" (Brief to Appellate Division, p. 11).
 
 4
 
 22
 As shown by Newman v. Board of Education, 508 F.2d 277 (2d Cir. 1975), cert. denied, 420 U.S. 1004, 95 S.Ct. 1447, 43 L.Ed.2d 762 (1975), the mere mention of "due process" in the state court is not the equivalent of raising a due process constitutional claim. While there were two federal court decisions cited for Ornstein to the Appellate Division, these were of general applicability and entirely incidental to the point being made. There was not sufficient "allegation, elaborations, or citations of authority" (Newman v. Board, above, at 278) to justify a res judicata effect. The situation at bar is entirely unlike Ellentuck v. Klein, 570 F.2d 414 (2d Cir. 1978) where due process arguments had been "vigorously presented" (at 422) to the New York Court of Appeals and decided by that Court; it is entirely unlike Winters v. Lavine, 574 F.2d 46 (2d Cir. 1978) where the plaintiff "readily admits raising that very (constitutional) claim before the Appellate Division" (slip op. 6491-92 at 54).
 
 5
 
 23
 In the court below, as on this appeal, the defendants contend that this Section 1983 action is in any event barred by the three-year statute of limitations of New York Civil Practice Law and Rules § 214(2) ("to recover upon a liability created by statute"). See Swan v. Board of Higher Education, etc., 319 F.2d 56 (2d Cir. 1963). The suggestion is that the claim arose on July 19, 1972, the date of the letter notifying Ornstein that his demand for accident disability pension was denied as filed too late (App. 49). This Section 1983 action was commenced on July 24, 1975, or five days beyond the three-year period. The District Court did not reach this issue and we think it better for that Court on remand to decide the matter before this Court does so. Without intimating any view on these points, we note that it may be the date of receipt by Ornstein of the July 19, 1972 letter which controls rather than the date of the letter itself (see Castaways Motel v. Schuyler, 24 N.Y.2d 120, 122, 123, 126, 299 N.Y.S.2d 148, 247 N.E.2d 124 (1969)); that the commencement of the Article 78 proceeding in the state court may have tolled the statute of limitations; and that the three-year statute governing actions "to recover " (emphasis supplied) on a statute may not be applicable to this action which is in substantial part for a declaratory judgment.
 
 6
 
 24
 If the District Court finds that this Section 1983 action is not barred by the Statute of Limitations, then the District Court should proceed to decide whether the Section 17 time limitation can be applied to the claim of Ornstein to a pension without violating his federal constitutional rights. We have not reached that question and express no views thereon; indeed, there may be controverted issues of fact which would affect the result.
 
 7
 
 25
 If the District Court decides that the Section 17 time limitation cannot constitutionally be applied to deny Ornstein a pension, then the District Court must consider the argument of defendants that "monetary relief" is not available in a Section 1983 action against municipal agencies or individuals employed by such agencies. See Monell v. Department of Social Services, 532 F.2d 259 (2d Cir. 1970), cert. granted 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 1977. We do not reach that question and express no views thereon.
 
 
 26
 The judgment filed May 25, 1977 dismissing the complaint is reversed and the action is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 Of the Southern District of New York, sitting by designation