646 F.2d 768
 Abraham GROSSMAN d/b/a Bruckner Nursing Home, Plaintiff-Appellant,
v.
David AXELROD, M.D., Acting Commissioner of the State of New
York Department of Health; Howard F. Miller, Acting Director
of the Budget of the State of New York; and Barbara B. Blum,
Commissioner of the State of New York Department of Social
Services, Defendants-Appellees.
 No. 800, Docket 80-7874.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 23, 1981.
Decided April 7, 1981.
 
 Scott B. Lunin, New York City (Marvin L. Tenzer, Ellen J. Wiener, Cathy N. Goldstein, New York City, of counsel) for plaintiff-appellant.
 George C. Mantzoros, Asst. Atty. Gen., of the State of New York, New York City (Robert Abrams, Atty. Gen. of the State of New York, George D. Zuckerman, Asst. Sol. Gen., of the State of New York, New York City, of counsel) for defendants-appellees.
 Before FEINBERG, Chief Judge, OAKES, Circuit Judge and NEAHER, District Judge.*
 FEINBERG, Chief Judge:
 
 
 1
 Abraham Grossman, doing business as Bruckner Nursing Home, appeals from a judgment of the United States District Court for the Southern District of New York, Charles H. Tenney, Jr., J., dismissing Grossman's complaint against defendants David Axelrod, Howard F. Miller and Barbara B. Blum, all of whom are state officials. Grossman sought declaratory and injunctive relief to prevent defendants from recouping alleged overpayments made in 1976 by the New York State Medicaid program to Grossman for services rendered by his nursing home. The alleged overpayments, totalling about $136,000, were the difference between the amounts actually paid to Grossman between January 1, 1976, and October 31, 1976, under tentative 1976 Medicaid reimbursement rates set in late 1975, and the amount that would have been paid to Grossman during that same period under final 1976 rates set in October 1976 and made retroactive to January 1, 1976.
 
 
 2
 The state proposed in late 1978 to recoup the alleged overpayments to Grossman in 1976 by reducing his 1979 reimbursement rate by $1.96 per bed per day. Soon thereafter, Grossman brought this suit asserting ten causes of action: denial of a due process prior hearing (first cause of action); confiscation of property without just compensation (fourth cause of action); lack of statutorily required notice (second and eighth causes of action); erroneous computation and disallowance of base year costs (third cause of action); and improper promulgation of the state regulations mandating the rate reductions (fifth, sixth, seventh, ninth and tenth causes of action). Along with the original complaint, Grossman applied for a preliminary injunction. This was denied by Judge Tenney in a thorough opinion reported at 466 F.Supp. 770. The judge found all of Grossman's causes of action except the second and third to be barred under the doctrine of res judicata, because of an earlier suit, Kaye v. Whalen, 56 A.D.2d 111, 391 N.Y.S.2d 712 (3d Dep't 1977), aff'd mem., 44 N.Y.2d 754, 406 N.Y.S.2d 682, 376 N.E.2d 1327, appeal dismissed for want of a substantial federal question, 439 U.S. 922, 99 S.Ct. 303, 58 L.Ed.2d 315 (1978). Plaintiffs in the Kaye action were nursing home owners, who brought suit in state court to invalidate the tentative Medicaid reimbursement rate set in late 1975, assigning numerous statutory and procedural deficiencies. The Appellate Division held that the tentative rate was valid, and that the state was not precluded from recouping the difference between that rate and the lower October 1976 rate made retroactive to January 1, 1976. Judge Tenney held that the result in Kaye was binding upon Grossman because he was a member of a named plaintiff association in Kaye when the action was commenced and there was a substantial identity between Grossman's interests and those litigated in Kaye, and because he was a member of the class on whose behalf the action was brought, 466 F.Supp. at 774-78. As for Grossman's remaining two causes of action, Judge Tenney declined to reach the merits of these state law claims and applied the abstention doctrine, id. at 779.
 
 
 3
 Grossman then filed an amended complaint before Judge Tenney, repeating his original ten causes of action and adding an eleventh; the latter focused upon the state's decision to settle a suit brought by non-profit health care facilities that complained of the same 1976 retroactive rate reduction that was the basis of Grossman's suit. See New York Association of Homes for Aging, Inc. v. Blum, No. 76 Civ. 5113 (TPG) (S.D.N.Y., filed Nov. 16, 1976) (the NYAHA litigation). Grossman argued that when the state settled that suit on terms favorable to the plaintiffs there, and then refused the same terms to Grossman, the state denied him the equal protection of the laws. Defendants moved to dismiss the amended complaint, and Grossman cross-moved for summary judgment. In a second opinion, which is unreported, Judge Tenney granted the state's motion. The judge adhered to his previous holding denying relief on the first ten causes of action because of either res judicata or the abstention doctrine. The judge then rejected the equal protection claim embodied in the eleventh cause of action, determining that the requisite state action was not present in the settlement of the NYAHA litigation, and that in any event the relief sought by Grossman was barred by the Eleventh Amendment.
 
 
 4
 We agree with Judge Tenney with regard to all but two of Grossman's causes of action, and, except for those, affirm on the reasoning of the judge's two opinions.[1] The exceptions are Grossman's first and fourth causes of action, which Judge Tenney held were barred by res judicata. These causes of action charge the state with violations of Grossman's Fifth Amendment rights of due process and just compensation. Such issues were not raised by the plaintiffs in Kaye v. Whalen, supra. Judge Tenney concluded that because these issues might have been raised in that suit, their assertion in the present case was barred. 466 F.Supp. at 774-75. While that is the general rule, this court has adopted a less strict approach when treating claims of deprivation of constitutional rights that have not actually been raised previously. In Ornstein v. Regan, 574 F.2d 115, 117 (2d Cir. 1978), we noted that we have "for policy reasons declined in civil rights cases to give res judicata effect as to constitutional issues which might have been, but were not, litigated in an earlier state court action." To be sure, Grossman's claims were not brought in the form of a "civil rights case," under 42 U.S.C. § 1983. But the gravamen of Grossman's Fifth Amendment claims is a denial of rights guaranteed by § 1983, and those claims could easily have been brought under that statute, as appellant claimed at oral argument. As a result, a strong argument can be made that the policies justifying our holding in Ornstein apply equally here. However, we need not reach this issue for the reasons indicated below.
 
 
 5
 We conclude that Grossman's first and fourth causes of action fail to state a claim upon which relief can be granted. The former alleges a violation of Grossman's right to due process. It is well established, however, that a valid liberty or property interest is an essential prerequisite to the successful assertion of due process rights, and that property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). See also Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). But under New York law, Medicaid providers have "no property right in prospective reimbursement payments." Hurlbut v. Whalen, 58 A.D.2d 311, 317, 396 N.Y.S.2d 518 (4th Dep't 1977), citing Sigety v. Ingraham, 29 N.Y.2d 110, 115-16, 324 N.Y.S.2d 10, 272 N.E.2d 524 (1971); see also Greenwald v. Whalen, 609 F.2d 665, 668 n.3 (2d Cir. 1979) (New York state law "creates substantial doubt as to whether a nursing home has a protectible interest in a particular rate of reimbursement"). As a matter of state law, therefore, Grossman cannot claim a due process entitlement to a hearing before the setting of his 1979 reimbursement rate. Grossman's first cause of action consequently must fail.
 
 
 6
 By the same token, Grossman cannot claim a Fifth Amendment right to just compensation for the amounts recouped as a result of the reduced 1979 reimbursement rate. The amounts thus recouped constituted overpayments made under a tentative 1976 reimbursement rate set in late 1975. In Kaye v. Whalen, supra, the Appellate Division concluded that the Kaye plaintiffs had no "vested rights in the monies received during 1976 under the tentative rates set in November 1975," because the tentative, non-compulsory nature of the rates announced in November 1975 made "(n)o reasonable reliance (upon them) possible." 56 A.D.2d at 119, 391 N.Y.S.2d 712. In affirming, the New York Court of Appeals also emphasized the tentative nature of late 1975 rates. 44 N.Y.2d at 755, 406 N.Y.S.2d 682, 376 N.E.2d 1327. In the absence of a recognized property interest, Grossman cannot claim a right to just compensation. United States v. Willow River Power Company, 324 U.S. 499, 502, 65 S.Ct. 761, 763, 89 L.Ed. 1101 (1945). Grossman's fourth cause of action consequently fails to state a claim.
 
 
 7
 Since we conclude that all of Grossman's causes of action either were correctly treated by Judge Tenney or fail on their merits, the judgment of the district court dismissing Grossman's amended complaint is affirmed.
 
 
 
 *
 Honorable Edward R. Neaher, United States District Judge for the Eastern District of New York, sitting by designation
 
 
 [1]
 With respect to Judge Tenney's treatment of the eleventh cause of action, we affirm on the ground that no state action was present in the settlement of the NYAHA litigation. Appellant argued in this court that the judge's alternative ground, that this cause of action was barred by the Eleventh Amendment, was unsound, both because the county, co-obligor on Medicaid payments, has no Eleventh Amendment protection, see Holley v. Lavine, 605 F.2d 638, 642-45 (2d Cir. 1979), and because the Eleventh Amendment does not bar declaratory relief. Because we affirm Judge Tenney's disposition of the eleventh cause of action for the judge's other stated reason, we need not reach the Eleventh Amendment issue