**ARDEN HOUSE, INC.**

v.

**Stephen J. HEINTZ, Commissioner, Connecticut Department of Income Maintenance and Margaret Heckler, Secretary, Department of Health & Human Services.**

**Civ. No. H–84–1065 (TEC).**

United States District Court,
D. Connecticut.

June 13, 1985.

John C. King, Updike, Kelly & Spellacy, Hartford, Conn., for plaintiff.

Arnold Menchel, Edmund Walsh, Kenneth Graham, Asst. Attys. Gen., Joseph Lieberman, Atty. Gen., Hartford, Conn., for the State.

Frank Santoro, Asst. U.S. Atty., Alan H. Nevas, U.S. Atty., New Haven, Conn., for the U.S. Government.

## RULING ON DEFENDANTS' MOTION TO DISMISS

CLARIE, Senior District Judge.

The defendants, Stephen J. Heintz, Commissioner, and the State Department of Income Maintenance (DIM), have moved to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6), on the grounds that the Court is without jurisdiction over the subject matter of the complaint and that the complaint fails to state a claim against all defendants upon which relief can be granted. Heintz is the Connecticut Commissioner of Income Maintenance charged with administering and implementing the State Medicaid Program. The defendant Connecticut DIM is the state agency charged with administering the Medicaid program pursuant to 42 U.S.C. § 1396a(a)(5). The plaintiff, Arden House, a long-term care facility, has instituted the above action challenging the Connecticut reimbursement system for skilled nursing facilities as violative of state law and the federal Medicaid Act.

Through its amended complaint, the plaintiff has sought to circumvent the defendants' jurisdictional objections. The Court finds that the plaintiff has failed to meet its burden of proving that under the facts of this case, the Court should assert jurisdiction. Further, the plaintiff has failed to state a claim upon which relief can be granted in that Arden House is not an intended beneficiary of the Medicaid Act and therefore has no standing to sue under 42 U.S.C. § 1983 for an alleged violation of said Act. The Court therefore grants the Motion to Dismiss.

### Facts

Arden House filed its original complaint in the United States District Court for the District of Connecticut on September 28, 1984, alleging a state violation of federal Medicaid law and naming as defendants Stephen J. Heintz and the Connecticut DIM. The complaint alleged that the protective reimbursement rate set by the state and paid to the plaintiff for the years 1979–1982 inclusive did not reimburse the plaintiff for "reasonable" costs incurred, thereby resulting in the loss to plaintiff of substantial sums of money which approximated $3,072,128.00. The plaintiff claimed that the state reimbursement rate violated Conn.Gen.Stat. § 17–314 which the plaintiff alleged required determination of reimbursement rates "on the basis of a reasonable payment for services which takes into account the cost of such services."

By their Motion to Dismiss, the defendants Heintz and the DIM challenge the plaintiff's complaint on jurisdictional grounds, claiming that a suit against a state or one of its agencies in federal court is barred by the Eleventh Amendment grant of sovereign immunity where the state has not consented to such suit. The defendants further challenge the complaint on the ground that the plaintiff failed to state a claim upon which relief could be granted in that the plaintiff (1) is not a proper party to bring a § 1983 claim and (2) is a voluntary participant and contractual party with the state in a provider agreement which must be challenged under state contract law in state court. Finally, the defendants represent that the reimbursement rate system implemented in Connecticut does not mandate specific reimbursement rates equivalent to a facility's actual costs and therefore there has been no violation of federal law in any case.

In response to the defendants' Motion to Dismiss, Arden House has filed an amended complaint dated January 22, 1985, in which the plaintiff added Margaret Heckler, Secretary of Health and Human Services, as a defendant in an attempt to circumvent the jurisdictional restrictions imposed by the Eleventh Amendment grant of immunity to the states. The defendant Margaret Heckler is the federal agent charged with administering and implementing the Medicaid Act, including the approval of state reimbursement rates and systems.

The defendants Heintz and the DIM objected to the Amended Complaint on the grounds that the complaint improperly sought to sue the defendant Heintz, in his individual as well as his official capacity and in so doing failed to make specific allegations of Heintz' individual liability, and that the complaint alleged new statutory and constitutional torts against the state barred by the statute of limitations.

### Discussion of Law

The Court is asked by this Motion to Dismiss a suit brought by a private long-term care facility against the State and its federal administrative agent for alleged violations of state and federal Medicaid law and federal discrimination law. The Court will not address the issues raised by the defendants' Objection to the Amended Complaint because the Court finds that sufficient grounds for dismissal can be found on the basis of the allegations made within either the Complaint or the Amended Complaint.

### I. Jurisdiction

#### A. § 1983 Claim

■ Jurisdiction of a § 1983 claim for violations of the Social Security Act is properly founded on 28 U.S.C. § 1331(a). *Yapalater v. Bates*, 494 F.Supp. 1349, 1355 (S.D.N.Y.1980). A § 1983 claim supports jurisdiction under 28 U.S.C. § 1343(3) unless the claim is either "frivolous or so insubstantial as to be beyond the jurisdiction of the district court." *Id.* at 1356. While § 1343(3) confers jurisdiction on the district court to entertain a constitutional claim, such claim must be substantial enough to support federal jurisdiction, permitting the district court to hear the conflict between federal and state law as a matter of pendent jurisdiction. *Hagans v. Levine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). If there is no substantial federal question presented, then jurisdiction will not be found and the claim will be considered unsound or "obviously without merit." *Id.* at 537, 94 S.Ct. at 1379.

The United States Supreme Court has found that a § 1983 remedy encompasses violations of federal statutory law as well as constitutional law and that § 1983 claims are a proper method to secure compliance with the Social Security Act. *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2502, 65 L.Ed.2d 555 (1980). The Supreme Court has also found that an allegation of conflict between federal and state law does not in itself give rise to a claim securing jurisdiction under § 1343(3). *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 615, 99 S.Ct. 1905, 1914, 60 L.Ed.2d 508 (1978).

■ Section 1983 is purely remedial; it does not confer any substantive rights. *Chapman, supra,* at 617, 99 S.Ct. at 1915. In order to determine whether a plaintiff has a valid § 1983 claim, the proper inquiry is (1) whether the conduct complained of was committed by a person acting under color of state law and (2) whether the conduct deprived the plaintiff of a right secured by the United States Constitution or laws. *St. Joseph Hosp. v. Electronic Data System*, 573 F.Supp. 443, 446 (S.D.Texas 1983). Only when these two criteria are met can a claimant invoke the jurisdiction of the district court. Under the facts of the present case, the test of a proper § 1983 claim is whether the claimant can "demonstrate that it has suffered an injury by the administration of a joint federal-state cooperative program and was *an intended beneficiary* of that program." *Balf Co., Inc. v. Gaitor*, 534 F.Supp. 600, 604 (D.Conn.1982). (Emphasis added).

■ The defendants contend, and the Court finds, that under this analysis, Arden House is not an intended beneficiary of the Medicaid program. *St. Joseph Hosp., supra,* 573 F.Supp. at 447; *Geriatrics, Inc. v. Harris*, 640 F.2d 262, 265 (10th Cir.1981). A Medicaid provider has no property interest in prospective reimbursement payments; *Grossman v. Axelrod*, 646 F.2d 768 (2d Cir.1981); nor does the provider have a protectible interest in a particular rate of reimbursement. *Id.* at 771. Similarly, a

provider such as the plaintiff in the instant case is barred from suing a state or state agency in federal court for retrospective payments by the Eleventh Amendment immunity from suit granted to the states. *Fla. Dept. of Health v. Fla. Nursing Home Ass'n.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The plaintiff's § 1983 claim must fail.

## B. *Pendent Jurisdiction*

■■■ It is a rule of law that the Eleventh Amendment prohibits a claimant from bringing a suit in district court against state officials on the basis of state law where the relief sought would have an effect upon the state treasury. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 917, 79 L.Ed.2d 67 (1984). In the present action, the plaintiff alleges both state and federal law claims and seeks to invoke pendent jurisdiction. The argument for pendent jurisdiction must fail.

■■■ The plaintiff is barred from bringing suit in federal court on the state-law claim. Furthermore, § 1983 does not override a state's Eleventh Amendment immunity against suits seeking monetary relief. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979). Therefore, even if the plaintiff's constitutional claim was valid and the district court applied pendent jurisdiction, the Court would be barred by the Eleventh Amendment from granting any monetary relief on the claim. *Pennhurst*, 104 S.Ct. at 918. A plaintiff may not fashion its claims in such a way as to permit pendent jurisdiction as a means to evade the immunity granted to the states by the Eleventh Amendment. *Id.*, 104 S.Ct. at 919.

■■■ The Supreme Court has found that "a suit against state officials for retroactive monetary relief, *whether based on federal or state law*, must be brought in state court." *Pennhurst* at 920 (emphasis added); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Thus,

even if the plaintiff herein has valid constitutional claims, the plaintiff's suit for damages in the amount of $3,500,000.00 is one properly to be heard at the state court level. The plaintiff in this case has improperly invoked the jurisdiction of the district court.

## II. *Exhaustion*

The Supreme Court has found that a claimant need not exhaust state administrative remedies as a prerequisite to filing suit under § 1983. *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). If the plaintiff Arden House has a valid discrimination claim it could properly invoke the jurisdiction of the district court. The Court has found, however, that the plaintiff has no such claim. Furthermore, evidence exists of Congressional intent to remove the burden of federal court suits for money damages against states by Congress' action in repealing a provision of the Medicaid Act requiring states participating in the federal Medicaid program to waive immunity to suits in federal court brought by providers. *Hosp. Ass'n of New York v. Toia*, 435 F.Supp. 819, 821 (S.D.N.Y.1977); 42 U.S.C. § 1396a(g) (repealed). Congress' rationale in repealing the provision was to avoid an "unreasonable burden of suits ... which will make efficient program administration virtually impossible." *Id.* at 825. Moreover, Congress seriously questioned the constitutionality of a provision waiving the states' Eleventh Amendment immunity. *Id.* at 824.

Congress has shown an intent to dissuade Medicaid providers from bringing suits for monetary relief in federal court. Connecticut provides an administrative appeal process of which the plaintiff has not availed itself, despite the plaintiff's allegation that it has suffered under the state's reimbursement rate method *without remedy* for the years 1979–1982 inclusive. Section 17–314 of the Connecticut General Statutes provides the statutory authority for the Commissioner of the DIM to set rates for long-term care facilities such as

the plaintiff herein. Regulations promulgated pursuant to the Commissioner's authority to set reimbursement rates provided an appeal process for persons aggrieved by the rates determined pursuant to §§ 17–311–17–314 inclusive. Regulations of Connecticut State Agencies § 17–311–101 *et seq.*, Part IV, "Relating to Rules of Practice for the Arbitration of Items of Aggrievement on Rates Determined Pursuant to § 17–311 through § 17–314 as Amended by P.A. 77–574."

■ Arden House has shown no evidence that it has resorted to the available state remedial process, nor has the plaintiff given any indication that it is aware of such a process. Had the plaintiff pursued the state remedies available to it, the issues the plaintiff now brings to the district court could have been properly considered and resolved. *Delaware Convalescent Center, Inc. v. Beal*, 488 Pa. 292, 412 A.2d 514, 515 (Pa.1980). The plaintiff has prematurely brought its claims before this Court.

### III. *Abstention*

■ The district court properly invokes the abstention doctrine "when a state has established an administrative framework to formulate policy and decide cases in an area of legitimate state interest." *St. Joseph Hosp. v. Electronic Data Systems*, 573 F.Supp., *supra*, at 451. Where, as here, a federal act has established a cooperative state-federal program "wherein the states actually administer and oversee the payment of benefits and related matters," the district court's invocation of the abstention doctrine is proper. *Id.* at 451–52.

■ Even in a suit with valid federal claims, the abstention doctrine permits the bifurcation of claims by allowing the referral of unclear issues of state law to the state court. *Pennhurst, supra*, 104 S.Ct. at 920. Such is not the case in the instant lawsuit. The plaintiff, Arden House, has failed to state a valid federal claim and its case is improperly before this Court.

The Court grants the defendants' Motion to Dismiss.

SO ORDERED.