Huston v. Linscott                    CV-98-152-SD  09/28/98
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Roland E. Huston, Jr.

_____v.                              Civil No. 98-152-SD

Todd Linscott, Chairman,
  Hudson School Board,
  Hudson School District;
Philip T. McLaughlin,
  Attorney General,
  State of New Hampshire


                           O R D E R


     This is a civil rights action for injunctive and declaratory

relief brought under 42 U.S.C. § 1983.  In his complaint,

plaintiff Roland Huston asserts two claims.  In Count I, he

alleges deprivation of due process and equal protection of the

laws in violation of the Fourteenth Amendment under a "state

scheme," by which a child of divorced parents with joint legal

and physical custody may attend public school at no charge only

in the district in which the child actually resides.  The "state

scheme" to which Mr. Huston refers is authorized by New Hampshire

Revised Statutes Annotated (RSA) 193:12, I (Supp. 1998), which

states, "no person shall attend school, or send a pupil to the

school, in any district of which the pupil is not a legal

resident, without the consent of the district or of the school

board . . . ," and 193:12, II(a)(2) (Supp. 1998), which defines

the legal residence of a child of divorced parents who share joint legal custody as "the residence of the parent with whom the child resides."

In Count II, Mr. Huston alleges that the New Hampshire Supreme Court's summary affirmance of a superior court's decision ordering him to pay tuition to Hudson School District deprived him of due process and equal protection of the laws in violation of the Fourteenth Amendment of the Constitution.

Currently before this court is (1) defendant Todd Linscott's motion to dismiss, to which plaintiff objects; (2) defendant Philip McLaughlin's motion to dismiss, to which plaintiff objects, and (3) plaintiff's motion to join the Governor of New Hampshire Jeanne Shaheen and the Justices of the New Hampshire Supreme Court, to which Governor Shaheen and the Justices object.

### Background

In 1987, plaintiff Roland Huston was divorced from his wife and moved from their home in Hudson, New Hampshire, to Nashua, New Hampshire. As a result of their divorce decree, Mr. Huston and his wife Colleen share joint physical and legal custody of their two sons, Corey and Devin. In September 1994, while attending high school in Hudson, Corey moved in with Mr. Huston in Nashua. Claiming that Corey continued to divide his time

2

between his two parents, Mr. Huston petitioned the Hillsborough County Superior Court for a declaratory judgment that Corey was a resident of the Town of Hudson, thereby entitling him to attend Hudson's public high school free of charge. Mr. Huston asserted that he had a fundamental right under the First and Fourteenth Amendments of the United States Constitution to send his son to school in either the Hudson or the Nashua school system. The superior court (Brennan, J., presiding) found after a bench trial that for the school years 1994-1995 and 1995-1996, Corey resided with his father in Nashua and ordered Mr. Huston to pay tuition to the Hudson School District accordingly.

On July 17, 1997, Roland Huston filed a notice of appeal with the New Hampshire Supreme Court. On December 2, 1997, the New Hampshire Supreme Court summarily affirmed the superior court's decision.

On March 17, 1998, Mr. Huston commenced this action against Todd Linscott, Chairman of the Hudson School Board, and Philip T. McLaughlin, Attorney General for the State of New Hampshire, alleging that both the "state scheme" requiring him to pay for his son's schooling, and the New Hampshire Supreme Court's summary affirmance of the superior court's decision deprived him of due process and equal protection of the laws in violation of the Fourteenth Amendment of the Constitution. Mr. Huston has

since moved to implead Jeanne Shaheen, Governor of the State of New Hampshire, and the Justices of the New Hampshire Supreme Court.

## Discussion

### 1. Standard of Review

When a court is presented with a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), "its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "(A) *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears '"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))).

4

## 2. Subject Matter Jurisdiction

Defendant Linscott urges this court to dismiss both Counts I and II,[*] based upon the Rooker-Feldman doctrine, which prohibits federal courts, other than the Supreme Court, from reviewing state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Under this doctrine, lower federal courts lack jurisdiction to consider claims "inextricably intertwined" with review of state court judicial proceedings, see Feldman, supra, 460 U.S. at 483, even if the state court's action is challenged as unconstitutional. See Schneider v. Cologio de Abogados de Puerto Rico, 917 F.2d 620, 628 (1st Cir. 1990), cert. denied, 502 U.S. 1029 (1992). Claims are inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. See Pennzoil Co. v. Texas, Inc., 481 U.S. 1, 25 (1987).

---

[*]The court notes that the motion to dismiss is filed by "Defendants Todd Linscott, Hudson School Board, and Hudson School District." The caption of the complaint is unclear as to the number of entities plaintiff intended to name as defendants. Defendants' counsel interpreted plaintiff's intention was to name three separate school-related defendants, which he refers to in the body of the complaint as "Hudson," while the court, noting that service was made only upon Todd Linscott and Philip T. McLaughlin, considers Linscott to be the only properly named school-related defendant. The outcome of this order renders further differentiation unnecessary.

In his objection to defendant's motion, Mr. Huston clarifies that he is not seeking to overturn the ruling of the state court; rather, he is challenging the constitutionality of the "state scheme" authorized by RSA 193:12 and of the procedural rule enabling the New Hampshire Supreme Court to summarily affirm the lower court's decision. Thus plaintiff argues his claims are not barred by the Rooker-Feldman doctrine and this court indeed has jurisdiction.

Mr. Huston is partially correct. The distinction between a challenge to a state court judgment and to the validity of a statute or rule is critically important for Rooker-Feldman purposes. In Feldman, the United States Supreme Court was asked to decide whether the federal district court had jurisdiction to review a decision of the District of Columbia Court of Appeals denying respondents' request that the court waive a bar admission rule requiring applicants to have graduated from an approved law school. The Court stated that

> United States district courts . . . have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings . . . .

<u>Feldman</u>, <u>supra</u>, 460 U.S. at 486. To the extent that Mr. Huston is challenging the constitutionality of the New Hampshire statute, not the state court decision requiring him to pay tuition, Count I is not barred by the <u>Rooker-Feldman</u> doctrine.

Count II, however, does not properly invoke this court's subject matter jurisdiction. Mr. Huston argues that the state court judgment was issued in violation of due process and equal protection of the laws, asserting that he "could hardly be heard in the appeals process without reference to the transcript of the trial, which the Supreme Court would not requisition, yet decided the appeal on the merits, without--<u>ipso facto</u>--reviewing at all what they were purporting to decide on the merits." Plaintiff's Objection to Defendant Linscott's Motion to Dismiss at 3-4, ¶ 9. By claiming that the New Hampshire Supreme Court's use of summary disposition violated the Fourteenth Amendment, Mr. Huston seeks to have this court review the specifics of the state proceeding on constitutional grounds and declare it erroneous. Review of this kind is clearly barred by the <u>Rooker-Feldman</u> doctrine. The use of summary disposition is "inextricably intertwined" with the Supreme Court's judgment in that proceeding; as a result, this court lacks jurisdiction to hear the challenge.

Even assuming *arguendo* that Mr. Huston was not challenging the state court's ruling itself, but rather was mounting a

7

general challenge to Rule 25 of the New Hampshire Supreme Court Rules, which allows for the court's use of summary disposition, this court would lack jurisdiction on the ground of standing. Article III of the Constitution requires the party invoking the court's authority to show that he or she personally has suffered an injury-in-fact; that is, an actual or threatened injury as a result of the putatively illegal conduct of the defendant. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Thus, for a plaintiff to have standing, there must exist more than the mere possibility of future injury. Here, unless the New Hampshire Supreme Court's judgment is upset, Mr. Huston's only interest in the state court procedure is, at best, prospective and hypothetical. Thus, if he is not seeking a modification or vacation of the judgment against him, Mr. Huston lacks standing, for he does not have sufficient interest in the future application of the rules to establish a case or controversy as required by the Constitution. U.S. CONST., art. III, § 2. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991.)

For the abovementioned reasons, this court lacks subject matter jurisdiction to hear Count II of Mr. Huston's complaint. The proper venue for a party seeking review of a final state court judgment is to petition the United States Supreme Court for certiorari.

### 3. Collateral Estoppel

Although the Rooker-Feldman doctrine does not bar Mr. Huston from asserting a facial constitutional challenge to the New Hampshire statute, he is nevertheless barred by the doctrine of collateral estoppel. A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, "is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." Southern Pacific R. Co. v. United States, 168 U.S. 1, 48 (1897). Under the doctrine of collateral estoppel, a judgment in a prior suit generally precludes relitigation of issues actually litigated and necessary to the outcome of the first action. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 (1979).

Although courts have been reluctant in civil rights cases to collaterally estop constitutional claims which might have been, but were not, litigated in an earlier state court action, see Lombard v. Board of Educ., 502 F.2d 631, 635-7 (2d Cir. 1974), cert. denied, 420 U.S. 976 (1975), where a constitutional issue has actually been raised in state court and was necessary to the court's decision, regardless of a lack of analysis, it may not be relitigated in a section 1983 action. See Dieffenbach v.

9

_Attorney General of Vermont_, 604 F.2d 187, 198 (2d Cir. 1979); _Ornstein v. Regan_, 574 F.2d 115, 117 (2d Cir. 1978). In his state court proceeding, Mr. Huston indeed raised equal protection and due process challenges to the New Hampshire statute defining the residence of a child of divorced parents as the residence of the parent with whom the child actually resides. Although the state courts did not specifically analyze Mr. Huston's constitutional challenges, the courts by implication ruled on them in concluding that Corey was a resident of Nashua and in ordering Mr. Huston to pay tuition to the Hudson School District. These facts are sufficient to trigger the collateral estoppel bar, thereby precluding relitigation of the constitutional claims before this court.

Lastly, Mr. Huston alleges that the state supreme court's summary affirmance of the lower court's decision denied him a "full and fair opportunity to litigate," and thus collateral estoppel should not apply. See _Montana v. United States_, 440 U.S. 147, 153 (1979). As stated above, the _Rooker-Feldman_ doctrine precludes Mr. Huston's constitutional challenge to the state court procedure. Moreover, the use of summary disposition in civil cases is standard in both New Hampshire and federal courts. In its summary affirmance order, the New Hampshire Supreme Court indicated that it reviewed the plaintiff's appeal

10

and appendix before ruling that it did not disagree with the lower court's decision. The claim, therefore, is without merit, and this court has no basis to decline to employ the collateral estoppel bar.

4. Plaintiff's Motion to Join Governor and Supreme Court of New Hampshire

Plaintiff seeks to amend his complaint to include claims against New Hampshire's governor and supreme court justices. Huston's complaint against these defendants stands on the same footing as his original complaint, thus the amendment would be futile. See Maldonado v. Donninguez, 137 F.3d 1, 11 (1st Cir. 1998) (leave to amend denied where amendment would be futile).

It does not make a difference that the Attorney General, Governor Shaheen, and the Justices of the New Hampshire Supreme Court were not parties to the previous case. The United States Supreme Court has reaffirmed the benefits of collateral estoppel by eliminating the requirement of mutuality; thus, as long as issues raised in the second case were litigated and resolved in the first, a stranger to a prior litigation may benefit from collateral estoppel in the subsequent action. See Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 329 (1971). Here, Mr. Huston raised the constitutionality

of the New Hampshire statute in his state court proceeding; the state courts ruled against him.  Thus Mr. Huston is barred from relitigating the issue, not only against the Hudson School District, but also against those who were not parties to the previous case.

## Conclusion

For the foregoing reasons, defendant Todd Linscott's motion to dismiss (document 6) is granted; defendant Attorney General Philip McLaughlin's motion to dismiss (document 3) is granted; plaintiff Roland Huston's motion to implead Governor Jeanne Shaheen and the Justices of the New Hampshire Supreme Court (document 10) is denied.  The clerk shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 28, 1998

cc:  Roland E. Huston, Jr., pro se
     Diane M. Gorrow, Esq.
     Suzan M. Lehmann, Esq.

12